

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-417-CR

FELIPE MENDEZ, JR.                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Felipe Mendez, Jr. appeals his conviction for burglary of a habitation. We affirm.

Appellant kicked in the back door of a residence in Mansfield, Texas, and began gathering valuables when police arrived in response to a neighbor's report of suspicious activity. Appellant managed to escape, but was eventually

---

[1] *See* Tex. R. App. P. 47.4.

arrested.  The police matched appellant's DNA to a cigarette appellant left at the scene.  At trial, a jury found appellant guilty and, after evidence of appellant's numerous prior burglary convictions was admitted at punishment, assessed a sentence of thirty years' confinement.  The trial court sentenced appellant accordingly.

In three points on appeal, appellant contends that the trial court abused its discretion by overruling appellant's trial objections to hearsay, improper jury argument, and the jury's receiving a partial transcript during deliberations.

In his first point, appellant claims that the trial court abused its discretion when it overruled two hearsay objections lodged against testimony given by a police officer who had interviewed a woman waiting in appellant's car at the crime scene.  The objections were recorded in the following exchange:

Q.    . . . [W]hat were the two names of the people that she gave you?

A.    She said that they were Felipe and Librado.

MR. HOPPING [for the Defense:]  I'm going to object to hearsay.

THE COURT:  Overruled.

Q.    (BY MS. WYNN)  So Felipe, did she give a last name?

A.    She did a few minutes later, but initially she just said Felipe and Librado, then she said Felipe and Librado Mendez.

MR. HOPPING:  I object to hearsay again.

2

THE COURT: Okay. Overruled.

The State concedes that the first question "certainly called for a hearsay response" but argues that appellant's objection was untimely and therefore preserved nothing for review. We agree. An objection must be timely in order to preserve a complaint for review.[2] Whether a defendant is required to object before a witness answers depends upon whether the question calls for a hearsay response.[3] Absent a legitimate reason to justify delay, an objection is not timely when a defendant objects only after an objectionable question has been asked and answered.[4]

The appellant has offered no legitimate reason to justify waiting to object until after the question was answered and we have found nothing in the record to justify appellant's waiting to object until after the witness answered the first question calling for a hearsay response. Therefore, we hold that appellant's untimely first objection failed to preserve error.[5]

---

[2] Tex. R. Evid. 33.1(a)(1).

[3] *See Rodriguez v. State*, — S.W.3d —, No. 04-07-00387, 2008 WL 4447556, at *2 (Tex. App.—San Antonio Oct. 1, 2008, no pet. h.).

[4] *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App.), *cert. denied*, 522 U.S. 917 (1997).

[5] *See id*; *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App.), *cert. denied*, 516 U.S. 832 (1995).

3

Appellant's second objection was also untimely. Although the question, "Did she give a last name?" invites a yes or no answer, it clearly calls for a hearsay response, which the witness provided. Because counsel's objection came after the question was answered, it was untimely and preserved nothing for our review.[6] We overrule appellant's first point.

In his second point, appellant contends that the trial court abused its discretion by overruling his objection to remarks made by the prosecutor during final argument that the defense had not reasonably explained how a fresh cigarette butt containing appellant's DNA was found at the crime scene. In response, the State contends that appellant forfeited his claim by not continuing to object each time the prosecutor revisited the same line of argument. We agree. To preserve an improper-jury-argument claim, a party must object each time the impermissible argument is made.[7]

The pertinent portions of the State's final argument are as follows:

> MR. HUDSON: If the State's burden of proof is beyond a reasonable doubt, and it is, and if you consider the analogy of the Defense that beyond a reasonable doubt is like a mountain that you

---

[6] *See* Tex. R. Evid. 33.1(a)(1); *Lagrone*, 942 S.W.2d at 618.

[7] *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997); *Satchell v. State*, No. 07-07-0458-CR, 2008 WL 4693072, at *1 (Tex. App.—Amarillo Oct. 24, 2008, no pet. h.)(mem. op. after remand; not designated for publication).

4

have to climb, I'm going to submit to you that a cigarette with the Defendant's DNA at the back door of the house that just got broken into, that's a ski lift. That takes you to the top. *There's been no reasonable explanation offered by closing argument by the Defense or by cross-examination —*

MR. HOPPING: Objection that shifts the burden to us.

THE COURT: Overruled.

MR. HUDSON: But *no argument that I'm going to respond to now on the record given to you through cross-examination or through closing argument that can explain that cigarette*. You just can't do it.

. . . . .

Now, *who left the cigarette there*? Was it the Marlboro man? Was it a cigarette fairy? You know that's preposterous. I say it up here because it just shows you how crazy their argument is. I told you during voir dire that, yeah, you know, there could be all sorts of crazy, wild, explanations that we could call a doubt. But I told you that the distinction in what you're looking at now is a reasonable doubt.

Ladies and gentlemen, *there is no reasonable explanation to you about how that cigarette got there* other than that the Defendant left it there as he fled out that door with the cops hot on his tail.

*That cigarette was not blown there by the wind.* It was sat down there carefully as it was still lit by somebody that was probably planning to come back and pick it up on his way out the door. He wasn't expecting the cops to show up. He had his girlfriend out front for him. What did she do when the cops came up? She gave him up. What did he do? He took off. He took off in a damn hurry. So fast he left all of that property sitting by the door. So fast that he left his cigarette still burning there on the grill as he ran out.

5

(emphasis added)

Because appellant did not object to the State's continued arguments that appellant offered no reasonable explanation for the cigarette butt with his DNA at the crime scene, we hold that appellant has forfeited his complaint.[8] Appellant's second point is overruled.

In his third point, appellant claims that the trial court abused its discretion by giving the jury a partial transcript during deliberations because the jury had not expressly informed the trial court that they had a disagreement about the testimony.

Article 36.28 of the code of criminal procedure provides, in pertinent part, that

> if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other. . . .[9]

This statute seeks to balance concern that the trial court not comment on the evidence with the need to provide the jury with the means to resolve any factual disputes it may have.[10]

---

[8] *See Cockrell*, 933 S.W.2d at 89.

[9] Tex. Code Crim. Proc. Ann. art. 36.28 (Vernon 2006).

[10] *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005).

When asked by the jury to reread testimony, the trial court must first determine if the request is proper under article 36.28.[11] We review a trial court's determination of whether there is a factual dispute between jury members for an abuse of discretion.[12]

The plain language of article 36.28 requires only that a jury disagree about the statement of a witness before the trial court is authorized to provide a relevant portion of the reporter's notes. It does not require that the jury expressly state that it is in disagreement. A trial court may properly infer disagreement from notes that are passed between the jury and the court.[13]

Here, the record shows that the jurors sent out a note requesting all of Officer Brannen's testimony. The trial court promptly responded with an instruction setting out the text of article 36.28 and informing the jury that unless they "disagreed upon some part of the testimony" they were "not entitled to have any of the testimony" but that if they "disagreed upon any point in the testimony," and stated in writing the point upon which they

---

[11] *Iness v. State,* 606 S.W.2d 306, 314 (Tex. Crim. App. 1980).

[12] *Robison v. State,* 888 S.W.2d 473, 480 (Tex. Crim. App. 1994), *cert. denied*, 515 U.S. 1162.

[13] *See Keith v. State*, No. 06-06-00094-CR, 2007 WL 654282, at *4 (Tex. App.—Texarkana March 6, 2007, no pet.)(mem. op., not designated for publication); *May v. State*, 139 S.W.3d 93, 99–100 (Tex. App.—Texarkana 2004, pet. ref'd).

disagreed, they would be so entitled. Within minutes, the jury sent out another note asking for "the portion of Officer Brannen's testimony regarding information that she gained from her interview with Ashley Moore . . . ."

We hold that it was within the trial court's discretion to infer that the jury was in dispute about the requested testimony from their request for specific testimony in response to the trial court's explicit instructions regarding the necessity of a dispute. We overrule appellant's third point.

Having overruled all of appellant's points, we affirm the trial court's judgment.

JOHN CAYCE
CHIEF JUSTICE

PANEL: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

WALKER, J., concurred without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 12, 2009